Rodi Frank Rispone (CA Bar No. 169062)
Attorney at Law
15961 Airline Highway
Baton Rouge, LA 70817
Tel.: 225-756-5090
Fax: 225-753-7012
Email: rrispone@mmrgrp.com

Bennett J. Lee (CA Bar No. 230482)
Nicholas A. Merrell (CA Bar No. 240795)
Regina A. Verducci (CA Bar No. 264996)
WATT, TIEDER, HOFFAR & FITZGERALD, L.L.P.
333 Bush Street, Suite 1500
San Francisco, CA 94104
Tel: 415-623-7000
Fax: 415-623-7001
blee@wthf.com
nmerrell@wthf.com
rverducc@wthf.com

Attorneys for Plaintiffs
MMR GROUP, INC., MMR POWER SOLUTIONS, LLC and
SOUTHWESTERN POWER GROUP II, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MMR GROUP, INC.; MMR POWER SOLUTIONS, LLC; and SOUTHWESTERN POWER GROUP II, LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> STA DEVELOPMENT, LLC f/k/a SOLAR MILLENNIUM, LLC, a California limited liability company; SOLAR TRUST OF AMERICA, LLC, a Delaware limited liability company; SOLAR MILLENNIUM AG, a foreign corporation; SOLAR MILLENNIUM, INC., a Delaware corporation; CA I-10 SOLAR, LLC, a California limited liability company; PALO VERDE SOLAR I, LLC, a Delaware limited liability company; PALO VERDE SOLAR II, LLC, a Delaware limited liability company; BLYTHE SOLAR POWER PROJECT UNIT 1, LLC, a Delaware limited liability company; | Case No. 3:11-cv-01521-EMC <br><br> **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> **The Honorable Edward M. Chen** <br><br> DATE: October 7, 2011 <br> TIME: 1:30 p.m. <br> COURTROOM NO. 5 |

BLYTHE SOLAR POWER PROJECT UNIT 2, LLC, a Delaware limited liability company; BLYTHE SOLAR POWER PROJECT UNIT 3, LLC, a Delaware limited liability company; and BLYTHE SOLAR POWER PROJECT UNIT 4, LLC, a Delaware limited liability company.

Defendants.

## NOTICE OF MOTION

1. PLEASE TAKE NOTICE that on October 7, 2011 at 1:30 p.m. in Courtroom 5 of the above-captioned Court, Plaintiffs MMR GROUP, INC., MMR POWER SOLUTIONS, LLC and SOUTHWESTERN POWER GROUP II, LLC will be heard on their Motion for Leave to Amend Complaint ("Motion").

2. In particular, MMR shall move the Court, pursuant to Civil Local Rule 7-2 and Rule 15 Federal Rules of Civil Procedure, for leave to file its proposed First Amended Complaint, which is attached as Exhibit "A" to the Declaration of Nicholas A. Merrell, filed and served concurrently herewith. This motion is based upon on this notice, the memorandum of points and authorities, the request for judicial notice, the declaration of Nicholas A. Merrell, including without limitation, the proposed First Amended Complaint attached thereto, the proposed order, and all other papers on file herein.

Dated: August 29, 2011

                 **WATT, TIEDER, HOFFAR
                 & FITZGERALD, L.L.P.**

                 By: /s/ Nicholas A. Merrell
                 Bennett J. Lee
                 Nicholas A. Merrell
                 Attorneys for Plaintiffs MMR GROUP, INC.,
                 MMR POWER SOLUTIONS, LLC and
                 SOUTHWESTERN POWER GROUP II, LLC

**MEMORANDUM OF POINTS AND AUTHORITIES**

**TABLE OF CONTENTS**

I. INTRODUCTION AND STATEMENT OF ISSUES ..................................................... 1

II. STATEMENT OF RELEVANT FACTS ...................................................................... 2

    A. This Lawsuit Is In Its Early Procedural Stages ................................................. 2

    B. The STA Affiliates Converted MMR Assets By Entering Into a Power Purchase Agreement with Southern California Edison ...................... 3

    C. After MMR Sued Solar Millennium, LLC, the STA Affiliates Took Control of the MMR Asset ......................................... 4

        1. STA changed its corporate structure after terminating its joint venture agreement with MMR. ................................. 4

        2. The STA Affiliates took control of joint venture assets ........................... 6

    D. STA and the STA Affiliates Misappropriated MMR's Confidential and Proprietary Information in Furtherance of Their Execution of a Power Purchase Agreement With SCE .......................................................................... 7

    E. MMR's Proposed Causes of Action ................................................................... 8

III. LEGAL DISCUSSION .................................................................................................. 8

    A. The Federal Rules of Civil Procedure Favor Permitting Liberal Amendment of Pleadings .............................................. 8

    B. MMR Should Be Granted Leave To File Its First Amended Complaint ........ 9

        1. The Court should grant MMR leave to clarify its causes of action in a pleading that follows the notice pleading requirements of the Federal Rules of Civil Procedure ........................................................... 9

        2. The Court should grant MMR leave to add new causes of action arising out of facts unknown at the time MMR filed its Petition ............ 10

        3. The Court should grant MMR leave to join the STA Affiliates ............. 10

    C. Amendment Will Not Affect Jurisdiction ......................................................... 11

    D. The Defendants Will Not Be Prejudiced If Leave To Amend is Granted ...... 12

IV. CONCLUSION ............................................................................................................. 13

## TABLE OF AUTHORITIES

**Cases:**

*Ascon Properties, Inc. v. Mobil Oil Co.*
    866 F.2d 1149 (9th Cir. 1989)..................................................................................9

*Eminence Capital, LLC v. Aspeon, Inc.*
    316 F.3d 1048 (9th Cir. 2003).............................................................................9, 12

*Foman v. Davis*
    371 U.S. 178 (1962)..................................................................................................9

*Grier v. Brown*
    230 F.Supp.2d 1108 (N.D. Cal. 2002).....................................................................9

*Johnson v. Columbia Properties Achorage, LP*
    437 F.3d 894 (9th Cir. 2006).............................................................................11, 12

*Kareem v. Markel Southwest Underwriters, Inc.*
    2011 U.S. Dist. LEXIS 6019 (E.D. La. 2011)....................................................9, 10

*Morongo Band of Mission Indians v. Rose*
    893 F.2d 1074 (9th Cir. 1990)..................................................................................9

*Morris v. Princess Cruises, Inc.*
    236 F.3d 1061 (9th Cir. 2001)................................................................................11

*Nelson v. Adams USA, Inc.*
    529 U.S. 460 (2000)................................................................................................10

*Ramey v. DeCaire*
    869 So. 2d 114 (La. 2004).......................................................................................9

*United Mine Workers v. Gibbs*
    383 U.S. 715 (1966)................................................................................................11

**Other:**
Federal Rules of Civil Procedure
    Rule 12(b)(6).........................................................................................................10
    Rule 15(a)(2)............................................................................................................8
    Rule 20(a)(2)(A)....................................................................................................11
    Rule 26....................................................................................................................3

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION AND STATEMENT OF ISSUES

Plaintiffs MMR GROUP, INC., MMR POWER SOLUTIONS, LLC and SOUTHWESTERN POWER GROUP II, LLC (collectively "MMR") respectfully request leave to file their proposed First Amended Complaint. As alleged in MMR's proposed First Amended Complaint, this lawsuit arises out of STA Development, LLC f/k/a Solar Millennium, LLC ("STA") and its affiliates' wrongful termination of a joint venture agreement with MMR, a power contractor based in Louisiana, to construct one or more solar power plants in Blythe, California.[1]

MMR's proposed changes to its original petition include the following:

1) restructuring MMR's petition, drafted pursuant to Louisiana state court "fact pleading" rules prior to removal, to conform with federal notice pleading standards;

2) adding allegations and causes of action arising out of Defendants STA and its affiliates' misappropriation of MMR's confidential and proprietary information;

3) adding allegations and causes of action to address STA and its affiliates' usurpation of MMR's assets, namely STA's agreement with MMR to pursue solar power plant development opportunities in Blythe, California (the "Blythe Projects"), which assets they converted into a lucrative power purchase agreement with Southern California Edison; and

4) joining certain entities affiliated with STA pursuant to alter ego theories, as well as their direct involvement in the conversion of MMR's assets related to the Blythe Projects.[2]

MMR's original petition ("Petition") was filed on January 19, 2010 in the 19th Judicial District Court for the State of Louisiana, Parish of East Baton Rouge. Under Louisiana's liberal "fact pleading" standard, a plaintiff need only plead facts, which, taken as true, give rise to a cause of action. A plaintiff need not actually plead a list of "counts" or "causes of action" as is common under federal notice pleading standards. Now that this lawsuit has been removed to

---

[1] Blythe is located in Riverside County near the Arizona boarder at the intersection of Interstate 10 and U.S. Route 95.

[2] The entities MMR proposes to join include Solar Trust of America, LLC, Solar Millennium AG, Solar Millennium, Inc., CA I-10 Solar, LLC, Palo Verde Solar I, LLC, Palo Verde Solar II, LLC, Blythe Solar Power Project Unit 1, LLC, Blythe Solar Power Project Unit 2, LLC, Blythe Solar Power Project Unit 3, LLC and Blythe Solar Power Project Unit 4, LLC (collectively the "STA Affiliates").

federal district court, MMR wishes to comply with federal notice pleading standards and set forth its causes of action in a conspicuous manner for the benefit of the parties and the Court.

MMR should also be granted leave to amend to add causes of action arising out of STA's usurpation of the fruits of its business relationship with MMR. As MMR alleged in its original Petition, STA wrongfully breached its joint venture agreement with MMR by attempting to wrongfully seize control of a solar power plant project in Blythe, California ("PG&E Blythe Project") with Pacific Gas & Electric ("PG&E"), which ultimately scuttled MMR and STA's opportunities to execute a power purchase agreement with PG&E. Instead, STA and the STA Affiliates[3] pursued and consummated a competing power purchase agreement with Southern California Edison ("SCE"), using the same land and resources.

Solar Trust of America, LLC created a convoluted web of limited liability companies to obtain the misappropriated fruits of STA's joint venture with MMR. As such, MMR seeks leave to join the STA Affiliates not only on the grounds that they are alter ego entities of STA, but based on their direct and tortious involvement in wrongfully taking a business opportunity in which MMR had a legal interest.

Furthermore, given that this lawsuit is in its early stages, granting leave to amend will not result in prejudice to STA or the STA Affiliates that MMR seeks leave to join. MMR therefore respectfully requests that the Court grant MMR leave to file its First Amended Complaint.

II. **STATEMENT OF RELEVANT FACTS**

    A. **This Lawsuit Is In Its Early Procedural Stages**

On January 19, 2010, MMR filed its Petition against Solar Millennium, LLC in the 19th Judicial District Court for the State of Louisiana, Parish of East Baton Rouge. See Request for Judicial Notice ("RJN") ¶ 1. This lawsuit was ordered removed to federal court on February 5, 2010 and was transferred to the Northern District of California on March 22, 2011. Id. ¶ 2. STA filed a motion to dismiss, which is scheduled to be heard on September 8, 2011 along with a case

---

[3] See supra, note 1. In June 2009, Solar Trust of America, LLC, STA's sole member, announced its lucrative power purchase agreement with Southern California Edison. Solar Trust of America, LLC is a joint venture between Solar Millennium AG (STA's indirect parent) and Ferrostaal Incorporated. Ferrostaal Incorporated is a German general contractor specializing in power plant construction and engineering — not unlike the role MMR occupied in its joint venture with STA.

management conference. Id. ¶ 3. The parties have not met and conferred pursuant to Rule 26 of the Federal Rules of Civil Procedure. See Declaration of Nicholas A. Merrell ¶ 14. Consequently, no discovery has been propounded or otherwise conducted. Id. ¶ 15. STA has not filed an answer and no trial date is set. See RJN ¶ 4.

> **B. The STA Affiliates Converted MMR Assets By Entering Into a Power Purchase Agreement with Southern California Edison**

As MMR alleges in its First Amended Complaint, MMR and STA entered into a joint venture with respect to development and operation of one or more solar power plants on the Blythe Projects. See Declaration of Nicholas A. Merrell ¶ 3, Ex. A at paras. 21-24. In this regard, MMR and STA concentrated their efforts on finalizing a power purchase agreement with PG&E. Id. para. 27.

However, throughout the life of the joint venture, the STA Affiliates were pursuing a competing power purchase agreement on the Blythe Projects with SCE instead of PG&E. See Declaration of Nicholas A. Merrell ¶ 3, Ex. A at paras. 57-68. As discussed below, the STA Affiliates' wrongful conduct occurred before and after MMR filed its January 10, 2009 Petition in Louisiana state court.

While STA held itself out as a joint venture partner with MMR in pursuit of a deal with PG&E on the PG&E Blythe Project, STA was conducting parallel negotiations with SCE with respect to the *same opportunity on the same property*. See Declaration of Nicholas A. Merrell ¶ 3, Ex. A at paras. 57-68. Execution of a power purchase agreement with a utility company was necessary to solidify the stream of future revenue that would enable STA to finance and construct the Blythe Projects. MMR always understood that it was negotiating in good faith with PG&E pursuant to MMR's joint venture agreement with STA. Although MMR understood that STA had breached the joint venture agreement by wrongfully terminating MMR's role in these discussions with PG&E, MMR now understands that STA's side dealings with SCE may have played an important role in such termination, and that the STA Affiliates have seized MMR's joint venture assets through their power purchase agreement with SCE. Id. paras. 57-68.

It is not coincidental that the timing of STA's execution of a power purchase agreement

with SCE (through one or more of the STA Affiliates) and its creation of Solar Trust of America, LLC coincides with STA's wrongful cancellation of its business relationship with MMR in June 2009.  See Merrell Declaration ¶ 3, Ex. A at paras. 56-57.  For a variety of reasons to be established during discovery, the SCE agreement affected STA's desire to maintain its façade of performance under the joint venture with MMR. Id. para. 68.  It is also less than coincidental that in June 2009, Solar Trust of America, LLC was created as a joint venture between Solar Millennium, Inc. and Ferrostaal, Incorporated, whereby Solar Trust of America, LLC would essentially control the Blythe Projects through one or more subsidiaries and where Ferrostaal, Incorporated would occupy the joint venture role formerly held by MMR, as engineering general contractor for construction of the solar power plants at the Blythe Projects.

The STA Affiliates' usurpation of MMR's joint venture property continued after MMR filed its Petition, and is continuing to this day.

      C.    **After MMR Sued Solar Millennium, LLC, the STA Affiliates Took Control of the MMR Assets**

Through one or more corporate transactions involving STA or its affiliated entities, the STA Affiliates took control of the joint venture assets at issue, namely opportunities arising under the Blythe Projects.  After STA repudiated its joint venture agreement with MMR, STA essentially transferred its interests in the Blythe Projects to a series of limited liability companies, the precise roles of which will be established during discovery.

          1.    <u>STA changed its corporate structure after terminating its joint venture agreement with MMR.</u>

At all times during MMR's dealings with STA, as alleged in the First Amended Complaint, the corporate structure of the STA Affiliates known to MMR was as follows:

///

///

///

///

///



However, upon information and belief, the current corporate structure of the STA Affiliates is as follows:

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND COMPLAINT; MEMO OF P&A

As discussed below, following STA's improper cancellation of its joint venture agreement with MMR, STA restructured the ownership of the Blythe Projects by transferring joint venture assets to its affiliates, which MMR asserts was part of an effort to avoid liability for any judgment.

### 2. The STA Affiliates took control of joint venture assets.

To the extent STA ever observed corporate formalities with respect to the Blythe Projects, it has effectively disregarded them by transferring MMR's joint venture assets to the STA Affiliates. According to a July 8, 2010 resolution with the California Public Utilities Commission, STA consummated its deal with Southern California Edison through "CA I-10 Solar, LLC." See Declaration of Nicholas A. Merrell ¶ 5, Ex. B. However, according to a report from the California Independent System Operator Corporation ("CAISO"), also dated July 8, 2010,[4] the power purchase agreement with Southern California Edison involved a partnership between "Solar Millennium, LLC" and Chevron Energy Solutions Company. See id. ¶ 6, Ex. C. According to a CAISO application to the Federal Energy Regulatory Commission dated December 8, 2010, STA contracted with Southern California Edison through an entity called "Palo Verde Solar II, LLC." See id. ¶ 8, Ex. E. The same CAISO document clarifies that although Palo Verde Solar II, LLC is the "signatory," Solar Millennium, LLC is the "sponsor." See id. Operating out of the same address and using the same officers, the STA Affiliates have effectively jointly seized assets that should have been held in trust pursuant to its joint venture agreement with MMR, namely business opportunities related to the Blythe Projects. See id. ¶¶ 9-13, Exs. F-J.

Furthermore, after MMR sued STA, STA created a series of limited liability companies entitled Blythe Solar Power Project Unit 1, LLC, Blythe Solar Power Project Unit 2, LLC, Blythe Solar Power Project Unit 3, LLC, Blythe Solar Power Project Unit 4, LLC, all operating out of STA's address. See Declaration of Nicholas A. Merrell ¶ I, Ex. 12. Presumably, these companies hold a property interest of some kind related to each of the four solar power projects that form the

---

[4] Solar Millennium, LLC changed its name to STA Development, LLC on June 22, 2011, prior to release of the CAISO report. See Declaration of Nicholas A. Merrell ¶ 7, Ex. D.

6

Blythe Projects.

D. **STA and the STA Affiliates Misappropriated MMR's Confidential and Proprietary Information in Furtherance of Their Execution of a Power Purchase Agreement With SCE**

STA and the STA Affiliates used MMR's confidential and proprietary information during the formation and continuing execution of their power purchase agreement with SCE. MMR and STA (including the STA Affiliates) entered into multiple confidentiality agreements, which broadly protected proprietary information exchanged between them. Included among the parties' definition of "confidential" information are the following:

   a. non-public information about MMR or STA;
   b. technical information, such as details of power purchase agreements, cost estimates and permitting information;
   c. financial and proprietary business information;
   d. business plans and models;
   e. names of customers or partners;
   f. information about proposed business deals;
   g. reports;
   h. market projections;
   i. software programs; and
   j. other data or confidential or proprietary information about MMR's or STA's products or services.

See Merrell Declaration ¶ 3, Ex. A at para. 50. Upon information and belief, STA and the STA Affiliates breached the confidentiality agreements by using certain of the foregoing information in connection with the SCE power purchase agreement, or disclosing it to unauthorized third-parties. See id. at para. 174.

The similarities between the proposed power purchase agreement with PG&E and the actual power purchase agreement with SCE, which both contemplated construction of one or more solar power plants on the same property, leave little doubt that STA and the STA Affiliates used MMR's confidential information in furtherance of their agreement with SCE.

### E. MMR's Proposed Causes of Action

MMR seeks leave to add causes of action against STA and the STA Affiliates, as appropriate, to address the newly discovered relationship between their wrongful termination of the joint venture with MMR and their conversion of joint venture assets and intellectual property into a power purchase agreement with SCE.

MMR's proposed causes of action include the following: 1) breach of oral contract, 2) breach of written contract, 3) breach of implied-in-fact contract, 4) promissory estoppel, 5) interference with prospective economic relations, 6) interference with contractual relations, 7) breach of fiduciary duty, 8) accounting, 9) fraud, 10) constructive fraud, 11) breach of confidentiality agreements, 12) injunctive relief, 13) violation of California Business & Professions Code Section 17200 et seq., 14) conversion, and 15) declaratory relief. See generally Merrell Declaration ¶ 3, Ex. A.

As discussed below, Louisiana is a fact-pleading jurisdiction, and therefore MMR was not required to specify the legal theories pursuant to which it sought relief based on its pleaded facts. Thus, other than causes of action arising out of STA's conduct in connection with the SCE power purchase agreement, the involvement of the STA Affiliates and their breach of the parties' confidentiality agreements, MMR does not concede that the foregoing causes of action were not already placed at issue pursuant to MMR's Petition. As discussed below, the purpose of the instant motion is largely to clarify the causes of action MMR is pursuing against STA and the STA Affiliates.

## III. LEGAL DISCUSSION

### A. The Federal Rules of Civil Procedure Favor Permitting Liberal Amendment of Pleadings

The Court has considerable discretion to grant leave to amend a pleading in the interests of justice. Rule 15(a)(2) of the Federal Rules of Civil Procedure states, in pertinent part:

> [After a responsive pleading has been filed, a] party may amend its pleading only with the opposing party's written consent or the court's leave. The **court should freely give leave** when justice so requires.

FED. R. CIV. P. 15(a)(2) (emphasis added).

Applicable case law extends great liberality in granting leave to amend, particularly in instances such as this where no prejudice would result. Leave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or would create undue delay. Ascon Properties, Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir.1989). The policy regarding leave to amend is to be applied with extreme liberality. Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990); see also Grier v. Brown, 230 F.Supp.2d 1108, 1111 (N.D. Cal. 2002) (emphasis added); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (requiring leave to amend to be granted with "extreme liberality"); Foman v. Davis, 371 U.S. 178, 182 (1962) (setting forth factors for consideration).

**B. MMR Should Be Granted Leave To File Its First Amended Complaint**

1. The Court should grant MMR leave to clarify its causes of action in a pleading that follows the notice pleading requirements of the Federal Rules of Civil Procedure.

MMR should be granted leave to file its First Amended Complaint to conform to federal notice pleading standards where its Petition followed Lousiana's unique "fact pleading" standard. "Louisiana has chosen a system of fact pleading." Ramey v. DeCaire, 869 So. 2d 114, 118 (La. 2004). "Therefore, it is not necessary for a plaintiff to plead the theory of his case in the petition." Id. Rather, a "plaintiff need not set forth every possible theory of recovery, but must plead facts, which if taken as true, state a cause of action." Kareem v. Markel Southwest Underwriters, Inc., 2011 U.S. Dist. LEXIS 6019, *2 (E.D. La. 2011) (hereinafter Kareem). Thus, a Louisiana plaintiff is not required to necessarily disclose which causes of action it has elected to pursue, so long as the facts alleged in its complaint yield a viable legal theory for recovery. As such, because MMR's Petition was filed before STA removed this case to federal court, the Petition does not necessarily designate MMR's causes of action.[5]

In the Fifth Circuit, it remains unsettled whether a court should employ federal pleading

---

[5] This has given rise to confusion between the parties. For example, according to its Motion to Dismiss, STA appears to be under the false impression that if it were to dispose of MMR's causes of action for interference with economic relations and breach of fiduciary duty, summary judgment should be granted in STA's favor, which incorrectly presumes additional causes of action do not exist.

standards or Louisiana "fact pleading" standards when evaluating a motion to dismiss under FRCP 12(b)(6). <u>Kareem</u>, *supra*, at *2 (analyzing whether removal was proper based on plaintiff's alleged sham joinder of a non-diverse defendant for failure to state a cause of action).

STA has filed a motion to dismiss MMR's Petition for failure to state a claim for which relief may be granted pursuant to FRCP 12(b)(6), which would otherwise require the Court to address which standard of pleading applies to MMR's Petition. MMR submits that rather than resolve this unsettled legal issue, the Court should simply render it moot by granting MMR's motion for leave to amend, which would permit MMR to file a First Amended Complaint in compliance with federal notice pleading standards. For this reason alone, the Court should grant MMR leave to amend.

    2.    <u>The Court should grant MMR leave to add new causes of action arising out of facts unknown at the time MMR filed its Petition.</u>

The Court should grant MMR leave to add new causes of action arising out of facts unknown to MMR at the time it filed its Petition, namely the STA Affiliates' usurpation of MMR's joint venture assets and their improper use of MMR's trade secrets to facilitate their ill-gotten gains. At the time MMR filed its Petition, it remained hopeful that settlement talks with STA might yet give way to a power purchase agreement with PG&E. However, it appears STA foreclosed this possibility by committing all available land at the Blythe Projects to its power purchase agreement with SCE. <u>See</u> Merrell Declaration ¶ 3, Ex. A at para. 57-68. Furthermore, as discussed below, STA exercised its plan through one or more affiliates.

These facts warrant leave to amend to clarify that MMR's causes of action include the STA Affiliates' wrongful conversion of joint venture assets into a power purchase agreement with SCE.

    3.    <u>The Court should grant MMR leave to join the STA Affiliates.</u>

The Court should grant MMR leave to join the STA Affiliates because MMR's claims against them arise out of a common nexus of law and fact: their common involvement in the Blythe Projects. "On motion, or on its own, the court may at any time, on just terms, add or drop a party." <u>Nelson v. Adams USA, Inc.</u>, 529 U.S. 460, 466-67 (2000). "Under the Rules, the

impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." United Mine Workers v. Gibbs, 383 U.S. 715, 724 (1966). Rule 20 provides that a party may be joined as a defendant in any action if "any right to relief is asserted against them ... with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." FED. R. CIV. P. 20(a)(2)(A). The other requirement for joinder is that a "question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2)(B).

Although MMR proposes to plead alter ego allegations in support of its joinder of the STA Affiliates, it must be noted that MMR's causes of action against them do not necessarily rely upon the alter ego doctrine based on their direct involvement in the Blythe Projects. For example, to the extent a trier of fact ultimately rejects MMR's alter ego theory, the STA Affiliates would be liable in tort for prospective interference with economic relations based on their interference with MMR's negotiations with PG&E regarding a power purchase agreement.

With respect to MMR's alter ego allegations, the STA Affiliates have imposed several layers of limited liability companies in an attempt to limit the liability of its parents and other real parties-in-interest. The timing of these changes is not coincidental — the creation of Solar Trust of America, LLC and the announcement of its power purchase agreement with SCE (through CA I-10 Solar, LLC or Palo Verde Solar II, LLC, or both) occurred within weeks of STA's termination of its joint venture with MMR. Transferring assets of a joint venture to an affiliated entity does not insulate STA's transferee LLCs from liability — they merely become exposed to an alter ego attack. As such, MMR requests that the Court grant leave to amend.

### C. Amendment Will Not Affect Jurisdiction

Just as there was complete diversity of citizenship based on MMR's Petition, there will be complete diversity if the Court grants MMR's motion for leave to amend. It is proper for federal courts to reevaluate the parties' citizenship if a new defendant's joinder may affect subject matter jurisdiction based on diversity. See Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1068 (9th Cir. 2001). With respect to the limited liability companies MMR seeks to join, citizenship is determined by reference to the citizenship of their members. See Johnson v. Columbia Properties

Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006).

As alleged in MMR's proposed First Amended Complaint, none of the STA Affiliates are citizens of Louisiana, which is the principal place of business and state of incorporation of MMR Group, Inc. See Merrell Declaration ¶ 3, Ex. A, paras. 4-19. Also alleged in MMR's proposed First Amended Complaint, MMR Group, Inc. is the sole member of the other two plaintiffs, both of which are limited liability companies. See id. parax. 4-6. As such, each of the three plaintiffs is deemed a citizen only of the State of Louisiana. Tracing citizenship of the STA Affiliates to their parent members, they are citizens of either Delaware, Ohio, California or foreign states (namely, Germany). See id. parax. 4-6. Therefore, complete diversity remains and this amendment will not affect the Court's subject matter jurisdiction.

### D. The Defendants Will Not Be Prejudiced If Leave To Amend Is Granted

Leave to amend should be granted because MMR has not acted in bad faith and because no prejudice would result from the amendment. "Prejudice is the 'touchstone of the inquiry under rule 15(a).'" Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice . . . there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." Id.

Granting MMR leave to amend will not result in any prejudice. Though this lawsuit commenced on January 19, 2010, it was not transferred to the Northern District of California until March 22, 2011. The parties have not yet conferred pursuant to Rule 26(f) and have not yet exchanged initial disclosures. Logically, discovery has not yet commenced. No scheduling order has been entered in this case, and therefore the deadline for amending pleadings has not passed. The new defendants will have a full and fair opportunity to investigate the allegations in MMR's First Amended Complaint. MMR is not acting in bad faith or with dilatory motive. Accordingly, MMR's motion for leave to file its proposed First Amended Complaint should be granted.

///
///
///
///

IV. **CONCLUSION**

For the foregoing reasons, the granting of leave to amend is proper. Accordingly, MMR requests that the Court grant leave to file its proposed First Amended Complaint in this action.

Dated: August 29, 2011

**WATT, TIEDER, HOFFAR
& FITZGERALD, L.L.P.**

By: /s/ Nicholas A. Merrell
    Bennett J. Lee
    Nicholas A. Merrell
    Attorneys for Plaintiffs MMR GROUP, INC.,
    MMR POWER SOLUTIONS, LLC and
    SOUTHWESTERN POWER GROUP II, LLC