1  Rodi Frank Rispone (CA Bar No. 169062)
2  Attorney at Law
   15961 Airline highway
3  Baton Rouge, LA 70817
   Tel.:  225-756-5090
4  Fax:  225-753-7012
   Email: rrispone@mmrgrp.com
5

6  Bennett J. Lee (CA Bar No. 230482)
   Nicholas A. Merrell (CA Bar No. 240795)
7  Regina A. Verducci (CA Bar No. 264996)
   WATT, TIEDER, HOFFAR & FITZGERALD, L.L.P.
8  333 Bush Street, Suite 1500
   San Francisco, CA 94104
9  Tel:  415-623-7000
   Fax:  415-623-7001
10 Email:  blee@wthf.com; nmerrell@wthf.com; rveducc@wthf.com
11

12 Attorneys for Plaintiffs
   MMR GROUP, INC.,
13 MMR POWER SOLUTIONS, LLC and SOUTHWESTERN
   POWER GROUP II, LLC
14

15                UNITED STATES DISTRICT COURT

16               NORTHERN DISTRICT OF CALIFORNIA

17                  SAN FRANCISCO DIVISION

18 MMR GROUP, INC.,                           Case No.  3:11-cv-01521-EMC
   MMR POWER SOLUTIONS, LLC and
19 SOUTHWESTERN POWER GROUP II, LLC,          **JOINT CASE**
                              Plaintiffs,     **MANAGEMENT**
20                                            **CONFERENCE**
                vs.                           **STATEMENT**
21
   STA DEVELOPMENT, LLC (F/K/A SOLAR          **Hearing Information**
22 MILLENNIUM, LLC), SOLAR TRUST OF           Date:      January 27, 2012
   AMERICA, LLC, SOLAR MILLENNIUM AG,         Time:      9:00 a.m.
23 SOLAR MILLENNIUM, INC., CA I-10 SOLAR, LLC, Ctrm:      5
   PALO VERDE SOLAR I, LLC, PALO VERDE SOLAR
24 II, LLC, BLYTHE SOLAR POWER PROJECT UNIT 1, **The Honorable Judge**
   LLC, BLYTHE SOLAR POWER PROJECT UNIT 2,    **Edward M. Chen**
25 LLC, BLYTHE SOLAR POWER PROJECT UNIT 3, LLC
   AND BLYTHE SOLAR POWER PROJECT UNIT 4, LLC
26                            Defendants
27

28

## I.   **INTRODUCTION**

Plaintiffs MMR GROUP, INC., MMR POWER SOLUTIONS, LLC and SOUTHWESTERN POWER GROUP II, LLC (collectively, "MMR") and Defendants STA DEVELOPMENT, LLC ("STAD"), SOLAR TRUST OF AMERICA, LLC, SOLAR MILLENNIUM, INC., CA I-10 SOLAR, LLC, PALO VERDE SOLAR I, LLC, PALO VERDE SOLAR II, LLC, BLYTHE SOLAR POWER PROJECT UNIT 1, LLC, BLYTHE SOLAR POWER PROJECT UNIT 2, LLC, BLYTHE SOLAR POWER PROJECT UNIT 3, LLC AND BLYTHE SOLAR POWER PROJECT UNIT 4, LLC (collectively, the "STAD Defendants") respectfully submit this joint case management conference statement.

In December 2011, Solar Millennium AG[1] – parent company of the STAD Defendants – filed for bankruptcy in Germany.  This has complicated the extensive settlement discussions between Plaintiffs and STAD Defendants, which involves a deal with a third-party purchaser of STA's assets, which both parties are still pursuing.

Despite these complications, the parties remain optimistic that a settlement is on the horizon and respectfully request that the Court set another case management conference in approximately 60 days for the purpose of setting a trial date if a settlement is not reached by that time.

## II.   **DISCUSSION**

The parties hereby submit the following discussion pursuant to Local Rule 16-9 and the "Standing Order For All Judges of the Northern District of California."

1.   <u>Jurisdiction and Service</u>.

The court's jurisdiction is based on diversity pursuant to 28 U.S.C. § 1332.  Pursuant to stipulation, all parties have been served except Solar Millennium AG, which recently filed for bankruptcy protection under German law.

2.   <u>Facts</u>.

Plaintiffs allege that this lawsuit arises out of a joint venture partnership agreement

---

[1] On September 28, 2011, pursuant to stipulation, the Court issued an order granting Plaintiffs leave to amend their complaint and join Solar Millennium AG.  Pursuant to the parties' continuing settlement discussions, Solar Millennium AG has not been served.

1    between Plaintiffs and STAD Defendants to pursue solar power projects in several states,

2    including Arizona, California, and Colorado, including without limitation the solar power project

3    in Blythe, California. The specific background establishing the joint venture agreement is set

4    forth in the First Amended Complaint and need not be repeated here. Plaintiffs allege further that

5    STAD Defendants converted the underlying joint venture assets, such as entitlements to develop

6    land in Blythe, California, without Plaintiffs' consent. Plaintiffs allege further that STAD

7    Defendants wrongfully threw Plaintiffs out of the joint venture without Plaintiffs' consent.

8    Plaintiffs allege that STAD Defendants breached their fiduciary duty, which exists by virtue of

9    the joint venture agreement, by improperly taking advantage of solar power opportunities without

10    involving Plaintiffs.

11       The STAD Defendants deny that a joint venture agreement was formed and deny that they

12    owed a contractual or fiduciary duty to Plaintiffs. The STAD Defendants aver that in 2008, in

13    response to a request for offers from PG&E, STAD and MMR submitted a bid on behalf of

14    themselves and a third party, to negotiate a Power Purchase Agreement ("PPA") for the

15    development of a solar power plant located near Blythe, California (the "PG&E Blythe Project"),

16    on land controlled by STAD. The STAD Defendants further aver that PG&E later selected the

17    bid submitted by STAD, MMR and the third party for its "short list," but that the parties never

18    finalized the terms of the PPA and no PPA was signed. The STAD Defendants aver that STAD

19    and MMR were unable to agree to material terms on any joint venture relationship, including how

20    to jointly work on the PG&E Blythe Project and no oral or written joint venture agreement was

21    ever reached.

22       3.    Legal Issues.

23       The key legal issue is whether the STAD Defendants and MMR formed a joint venture to

24    develop the PG&E Blythe Project.

25       4.    Motions.

26       STAD Defendants presently intend to file a motion to dismiss if this case does not settle.

27    ///

28    ///

JOINT CMC STATEMENT

1    5.    Amendment of Pleadings.

2    Plaintiffs recently amended their complaint to clarify their causes of action and join

3    additional defendants.   At this time, the parties do not anticipate that further amendment of

4    pleadings will be necessary.

5    6.    Evidence Preservation.

6    The parties have implemented appropriate steps to preserve evidence, including electronic

7    evidence.

8    7.    Disclosures.

9    The parties have not made initial disclosures and will set a date for exchanging initial

10   disclosures if the case does not settle.

11   8.    Discovery.

12   No discovery has occurred.   Extensive written discovery and depositions would be

13   required if this case does not settle, but the parties wish to defer these costs to the extent possible

14   while settlement discussions continue.  The parties will negotiate a discovery plan if the case does

15   not settle.

16   9.    Class Actions.

17   This lawsuit does not involve a class action.

18   10.   Related Cases.

19   An insolvency proceeding with respect to Solar Millennium AG is pending in the

20   Germany Fourth District Court.  There are no other related cases.

21   11.   Relief.

22   The relief requested in the First Amended Complaint includes the following remedies:

23   •    Compensatory damages;

24   •    An accounting;

25   •    A temporary restraining order, preliminary injunction, and permanent

26        injunction that enjoins the Solar Defendants from continuing to pursue

27        opportunities on the Blythe Project and other projects;

28   •    Restitution of the profit;

- 4 -

- Exemplary damages;
- Declaratory relief; and
- Interest.

The STAD Defendants aver that, even if liability is established, the Plaintiffs will not be able to establish that they have suffered any damages as a result of the conduct alleged because, among other reasons, no agreement was ever reached with PG&E to develop the Blythe property.

12.   Settlement and ADR.

The parties have been engaged in extensive settlement discussions, which discussions have continued despite Solar Millennium AG's insolvency proceeding.  No attempt at formal ADR has been made.

13.   Consent to Magistrate Judge For All Purposes.

The parties do not consent to have a magistrate judge conduct all further proceedings.

14.   Other References.

The parties do not believe reference to binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation would be appropriate.

15.   Narrowing of Issues.

At this time, the parties do not contemplate any issues appropriate for stipulated facts or bifurcation, but this may change as discovery proceeds.

16.   Expedited Trial Procedure.

The parties do not believe this lawsuit is appropriate for resolution under the Expedited Trial Procedure of General Order No. 64.

17.   Scheduling.

As discussed above, the parties respectfully request that the Court set another case management conference in approximately 60 days for the purpose of setting a trial date if a settlement is not reached by that time, and that the parties file a supplemental case management conference statement setting forth proposed scheduling dates in advance of such case management conference.

///

JOINT CMC STATEMENT

1    18.    Trial.

2    Plaintiffs have demanded a jury trial.

3    19.    Disclosure of Non-Party Interested Entities or Persons.

4    On February 4, 2011, the parties filed separate Corporate Disclosure Statements in

5    compliance with FRCP 7.1.  Dkt. Nos. 54 - 55.  [The STAD Defendants filed a revised corporate

6    disclosure statement today.]   The substance of the operative disclosure statements is set forth

7    below.

8        *Plaintiffs*

9    MMR Group, Inc., MMR Power Solutions, LLC and Southwestern Power Group II, LLC

10   are 100% privately owned entities.  MMR Group, Inc. has no parent corporations.  MMR Power

11   Solutions, LLC is a wholly owned subsidiary of MMR Group, Inc.  Southwestern Power Group

12   II, LLC is a wholly owned subsidiary of MMR Group, Inc.

13       *Solar Millennium, LLC n/k/a STA Development, LLC*

14   Pursuant to Federal Rule of Civil Procedure 7.1 and Local Rule 3-16, Defendant STA

15   Development, LLC states that it is a wholly owned subsidiary of Solar Trust of America, LLC.

16   Solar Trust of America LLC is owned 70% by Solar Millennium Inc., a wholly owned subsidiary

17   of Solar Millennium Capital GmbH, which is a wholly owned subsidiary of Solar Millennium AG

18   ("SMAG"), and 30% by Ferrostaal Incorporated, which (through several indirect or direct wholly

19   owned subsidiaries of Ferrostaal AG) is an indirect wholly owned subsidiary of Ferrostaal AG.

20   Defendants Palo Verde Solar I, LLC,  Palo Verde Solar II, LLC, Blythe Solar Power

21   Project Unit 1, LLC,  Blythe Solar Power Project Unit 2, LLC, Blythe Solar Power Project Unit 3,

22   LLC, and Blythe Solar Power Project Unit 4, LLC are wholly owned subsidiaries of either

23   Defendant STA Development, LLC or Solar Millennium, Inc.  Defendant CA I-10 Solar, LLC is

24   75% owned by SMUSA2 GmbH (a direct or indirect subsidiary of Solar Millennium AG) and

25   25% owned by STA Development, LLC.

26   ///

27   ///

28   ///

20. <u>Such Other Matters as May Facilitate the Just, Speedy and Inexpensive Disposition of this Matter</u>.

As discussed above, the parties believe that by setting an additional case management conference in approximately 60 days before setting a trial date or opening up discovery, the parties may avoid unnecessary litigation costs by focusing on settlement discussions.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

JOINT CMC STATEMENT

1    Wherefore, the parties respectfully request that the Court enter an order consistent with

2  this joint case management statement.

3

4  Dated: January 20, 2012

                        **MILBANK, TWEED, HADLEY & McCLOY LLP**

5

6                          By: /s/ Aaron Renenger
                             Jerry L. Marks (SBN 135395)

7                               Aaron Renenger (SBN 222675)
                             601 S. Figueroa Street, 30th Floor

8                               Los Angeles, California 90017
                             Telephone: (213) 892-4000

9                               Facsimile: (213) 629-5063

10                               David R. Gelfand (*admitted pro hac vice*)
                             Rachel Penski Fissell (*admitted pro hac vice*)

11                               1 Chase Manhattan Plaza
                             New York, NY 10005

12                               Telephone: (212) 530-5000
                             Facsimile: (212) 822-5661

13

14                               *Attorneys for Defendants STA Development, LLC,*
                             *Solar Trust of America, LLC, Solar Millennium, Inc.,*

15                               *CA I-10 Solar, LLC, Palo Verde Solar I, LLC,*

16                               *Palo Verde Solar II, LLC, Blythe Solar Power Project*
                             *Unit 1, LLC, Blythe Solar Power Project Unit 2, LLC,*

17                               *Blythe Solar Power Project Unit 3, LLC and Blythe Solar*
                             *Power Project Unit 4, LLC*

18  Dated: January 20, 2012
                        **WATT, TIEDER, HOFFAR & FITZGERALD, LLP**

19

20                          By: /s/ Nicholas A. Merrell
                             Bennett J. Lee (CA Bar No. 230482)

21                               Nicholas A. Merrell (CA Bar No. 240795)
                             Regina A. Verducci (CA Bar No. 264996)

22                               333 Bush Street, Suite 1500
                             San Francisco, CA 94104

23                               Telephone: 415-623-7000
                             Facsimile: 415-623-7001

24

25                               *Attorneys for Plaintiffs MMR Group, Inc., MMR Power*
                             *Solutions, LLC and Southwestern Power Group II, LLC*

26

27

28

JOINT CMC STATEMENT